Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 31 2013, 9:34 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**NOAH T. WILLIAMS**
Bloomington, Indiana

**STUART K. BAGGERLY**
Bloomington, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHANDRA K. HEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| BRANDON M. EBEYER | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | )      No. 53A01-1209-CR-400 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE MONROE CIRCUIT COURT
The Honorable Kenneth G. Todd, Judge
Cause No. 53C03-1109-FC-884

**May 31, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Brandon M. Ebeyer ("Ebeyer") was convicted in Monroe Circuit Court of Class C felony attempted burglary and Class A misdemeanor resisting law enforcement. The trial court ordered Ebeyer to serve an aggregate five-year sentence in the Department of Correction. Ebeyer appeals his sentence and argues that it is inappropriate in light of the nature of the offense and the character of the offender.

We affirm.

**Facts and Procedural History**

On September 13, 2011, the property manager at an apartment complex in Bloomington, Indiana contacted the police after she discovered that someone had entered the complex's clubhouse and had disabled the security alarms. Bloomington Police Officer Blake Cunningham responded to the call and reviewed the surveillance video from earlier that day. The video confirmed that an individual had tampered with the alarm system and had unlocked the windows to the media room of the clubhouse.

Officer Cunningham believed that the individual would likely return to the clubhouse later that day and set up surveillance in the media room. The officer eventually heard activity outside the media room and a scratching noise on the window screen. The officer believed that someone was ripping the window screen in order to attempt to gain entry to the media room. Tr. p. 108. The officer looked through the window blinds when the sounds ceased and saw one person standing outside the window.

The activity outside the window resumed and the individual ripped the screen and pushed the window up. He pulled the blinds away from the window and leaned his head into the media room, but then backed away. The officer then exited the building and ran

2

outside to the window to confront the attempted burglar. The perpetrator was no longer at the window, but Officer Cunningham observed a minivan quickly backing out of a parking spot. The officer rapidly approached the minivan, drew his service weapon, and ordered the vehicle to stop. The driver stopped, but the passenger exited the vehicle and ran towards a wooded area adjacent to the complex. He failed to stop when ordered to do so by Officer Cunningham. Other officers who had been called to the scene used a K9 officer to find the individual, subsequently identified as Ebeyer, lying on the ground in the wooded area.

Ebeyer was charged with Class C felony attempted burglary and Class A misdemeanor resisting law enforcement. A jury trial was held on August 10, 2012, and Ebeyer proceeded pro se with advisory counsel. Ebeyer was found guilty as charged. The trial court ordered Ebeyer to serve five years for the Class C felony attempted burglary conviction and a concurrent one-year term for the Class A misdemeanor resisting law enforcement conviction. Ebeyer now appeals.

**Discussion and Decision**

Ebeyer argues that his aggregate five-year sentence is inappropriate in light of the nature of the offense and the character of the offender. Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of a sentence imposed by the trial court. This appellate authority is implemented through Indiana Appellate Rule 7(B), which provides that a court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the

3

sentence is inappropriate in light of the nature of the offense and the character of the offender."

In our review of sentences under this rule, "we must and should exercise deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give 'due consideration' to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." Trainor v. State, 950 N.E.2d 352, 355 (Ind. Ct. App. 2011), trans. denied. Moreover, although we have the power to review and revise sentences, "[t]he principal role of appellate review should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008). It is the defendant's burden on appeal to persuade us that the sentence imposed by the trial court is inappropriate. Trainor, 950 N.E.2d at 355; Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006).

Ebeyer's Class C felony conviction for attempted burglary subjected him to a sentence of two years to eight years, with the advisory sentence being four years. See Ind. Code § 35-50-2-6. The trial court ordered Ebeyer to serve five years for that conviction. The court then imposed a maximum one-year for Ebeyer's Class A misdemeanor resisting law enforcement conviction. See Ind. Code § 35-50-3-2. Ebeyer was ordered to serve the two sentences concurrent to one another for an aggregate five-year sentence.

Ebeyer classifies the nature of his offense as spontaneous and "relatively benign." Appellant's Br. at 7-8. Ebeyer also describes the attempted burglary as "poorly executed"

4

in his attempt to minimize the nature of the offense. Ebeyer planned to burglarize the apartment clubhouse and damaged the security system for the purpose of concealing his planned crime. Ebeyer caused $391.10 of damage to the security system and was ordered to pay restitution in that amount. We acknowledge Ebeyer's argument that no one was injured during his attempt to burglarize the clubhouse and the damages resulting from his offense were minimal. However, Ebeyer's description of this crime as spontaneous is not supported by the evidence.

Furthermore, the character of the offender more than supports Ebeyer's five-year aggregate sentence. Ebeyer was convicted of Class D felony theft in 2007, and his sentence was suspended to probation. His probation was revoked twice and he was unsuccessfully discharged. In 2009, Ebeyer was again convicted of Class D felony theft. Ebeyer also pleaded guilty to driving while suspended in 2011, and his sentence was suspended to probation. His probation was revoked and he served the previously suspended term in the Johnson County Jail. Ebeyer was charged with additional felony and misdemeanor offenses while he was out on bond on the charges in this case, and those charges were pending on the date he was sentenced.

For all of these reasons, we conclude that Ebeyer's five-year sentence is not inappropriate in light of the nature of the offense and the character of the offender.

Affirmed.

BAKER, J., and MAY, J., concur.

5